UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARA W.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:18-CV-00726-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: December 18, 2018

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

      After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred when he did not allow Plaintiff to submit a report from Plaintiff's primary care physician. Had the ALJ properly considered the physician's report, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and the undersigned recommends this matter be reversed and remanded pursuant to

REPORT AND RECOMMENDATION - 1

1  sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for
2  further proceedings consistent with this Report and Recommendation.

3  FACTUAL AND PROCEDURAL HISTORY

4  On April 30, 2015, Plaintiff filed an application for DIB, alleging disability as of October
5  1, 2013. *See* Dkt. 7, Administrative Record ("AR") 15. The application was denied upon initial
6  administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Daniel
7  Driscoll on March 23, 2017. AR 37. In a decision dated July 5, 2017, the ALJ determined
8  Plaintiff to be not disabled. AR 15-25. Plaintiff's request for review of the ALJ's decision was
9  denied by the Appeals Council, making the ALJ's decision the final decision of the
10 Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

11 In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to give clear
12 and convincing reasons to reject Plaintiff's testimony; (2) failing to give specific and legitimate
13 reasons for rejecting the opinion of the treating psychologist; and (3) refusing to accept evidence
14 Plaintiff submitted less than five days before the hearing. Dkt. 14, pp. 1-15.

15 STANDARD OF REVIEW

16 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
17 social security benefits if the ALJ's findings are based on legal error or not supported by
18 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
19 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20 DISCUSSION

21 **I.     Whether the ALJ erred by refusing to accept a report from Plaintiff's physician.**
22
23 Plaintiff argues the ALJ erred by refusing to allow Plaintiff to submit a report from her
24 primary care physician, Dr. Katherine Rose, M.D. Dkt. 14, pp. 13-15.

1    An ALJ will accept late-submitted evidence if the Plaintiff "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. 404.935(b)(3)(iv). Compliance with this rule was not required nationwide at the time of the hearing. 81 Fed. Reg. 90,987 (Dec. 16, 2016). However, Plaintiff's hearing was held in Boston, Mass., and Defendant does not dispute that compliance with this rule was required in Boston at the time of the hearing. Dkt. 15, p. 7.

   At the beginning of the hearing, Plaintiff's attorney asked the ALJ whether she could submit the report from Dr. Rose. AR 34. The attorney explained they had been trying to get this report from Dr. Rose for several weeks and that it had been faxed to the attorney after she left the office on the day of the hearing. AR 34. At the end of the hearing, the attorney again requested permission to submit the report. AR 76. The ALJ stated in his decision that he did not allow additional evidence because the requirements of 20 C.F.R.404.935(b) were not met. AR 15.

   Defendant does not dispute that Plaintiff met the requirements of 20 C.F.R.404.935(b), but argues that any error was harmless. Dkt. 15, pp. 7-8.

   "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an

1   examination of the record made "'without regard to errors' that do not affect the parties'
2   'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396,
3   407 (2009)).

4       Defendant first argues the ALJ did not commit harmful error because Dr. Rose's report
5   does not provide evidence that Plaintiff had experienced disabling symptoms for at least twelve
6   months before her last date insured, as required by Social Security regulations. *Id.* at 7.
7   Defendant also argues that even with Dr. Rose's report, the ALJ still would have had substantial
8   evidence to conclude Plaintiff was not disabled. *Id.* at 7-8.

9       Dr. Rose's report states that she began treating Plaintiff in August 2014 and that Plaintiff
10  had been "experiencing symptoms for months." Dkt. 14, p. 22. Dr. Rose diagnosed Plaintiff with
11  Ehlers-Danlos syndrome, fibromyalgia, depression, postural orthostatic tachycardia syndrome,
12  overactive bladder, and irritable bowel syndrome. Dkt. 14, p. 18. She stated Plaintiff had pain,
13  syncope, lightheadedness, joint dislocation, and fatigue. *Id.* Dr. Rose identified clinical findings
14  and objective signs, such as joint hypermobility and carpal tunnel syndrome. *Id.* She opined that
15  Plaintiff's symptoms would frequently interfere with her attention and concentration and that
16  Plaintiff was incapable of even low-stress jobs because of chronic pain, difficulty concentrating,
17  and anxiety. *Id.* at 19. She also opined that Plaintiff has significant limitations with reaching,
18  handling, or fingering and that Plaintiff could use her hands and arms for 15 minutes at a time
19  with a reduced range of motion. *Id.* at 21. Dr. Rose also opined Plaintiff would be absent from
20  work more than four days per month. *Id.*

21      Defendant argued Dr. Rose's report was not relevant because Dr. Rose authored the
22  report in March 2017 and she did not specify how long Plaintiff had been having symptoms
23  before her first appointment. Dkt. 15, pp. 7-8. However, "reports containing observations made
24

REPORT AND RECOMMENDATION - 4

1   after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*,

2   849 F.2d 1222, 1225 (9th Cir. 1988). In fact, the Ninth Circuit has stated that "[i]t is obvious that

3   medical reports are inevitably rendered retrospectively and should not be disregarded solely on

4   that basis." *Id.*

5         Additionally, Dr. Rose's report of Plaintiff's symptoms from August to December 2014

6   is relevant to the ALJ's overall determination of whether Plaintiff experienced these symptoms

7   for at least twelve months before her last insured date. The symptoms Dr. Rose described were

8   also described by other providers during the twelve months preceding Plaintiff's last insured

9   date. *See* AR 309, 391, 539. Accordingly, Dr. Rose's report could not be rejected solely because

10  of its timing.

11        Defendant also argued any error was harmless because Dr. Rose's report would not

12  change the fact the ALJ had substantial evidence to find Plaintiff not disabled. Defendant cites

13  instances in September 2014 in which Dr. Rose noted Plaintiff was in no acute distress and spoke

14  at a normal rate. Dkt. 15, p. 8; AR 380-81. However, these instances do not contradict Dr. Rose's

15  overall evaluation of Plaintiff's symptoms and limitations. Additionally, Dr. Rose opined to

16  limitations greater than what the ALJ applied in the RFC, such as Plaintiff's limitation in

17  handling and fingering. Dkt. 14, p. 21.

18        Had the ALJ accepted Dr. Rose's opinion, the ALJ would have included additional

19  limitations in the RFC. For example, Dr. Rose opined that Plaintiff would need to miss more

20  than four days of work per month. Dkt. 14, p. 21. The ALJ did not apply this limitation in the

21  RFC. The vocational expert ("VE") testified that a person who would be absent two or more

22  days per month could not perform any competitive employment. AR 74. Therefore, if the ALJ

23  accepted Dr. Rose's opinion, and additional limitations were included in the RFC and in the

24

REPORT AND RECOMMENDATION - 5

hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the undersigned finds the ALJ's errors are not harmless and recommends reversal.

**II.     Whether the ALJ erred by failing to give clear and convincing reasons to reject Plaintiff's testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 14, pp. 4-12. The undersigned finds the ALJ committed harmful error in assessing the medical opinion evidence and recommends the Court direct the ALJ to re-evaluate all the medical opinion evidence on remand. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the undersigned recommends the Court direct the ALJ to reconsider Plaintiff's subjective testimony on remand.

**III.    Whether the ALJ erred in considering the medical opinion of Dr. Spangler.**

Plaintiff argues the ALJ erred in failing to give specific and legitimate reasons for rejecting the report from Dr. Stephen Spangler, Sc.D. Dkt. 14, pp. 12-14.

Dr. Spangler opined Plaintiff had limitations in maintaining attention, required frequent rest, and would be absent from work more than four days per month. AR 557-60. The ALJ gave Dr. Spangler's opinion little weight in part because Plaintiff had not submitted any of Dr. Spangler's counseling notes. AR 22.

The undersigned finds the ALJ committed harmful error in not allowing Plaintiff to submit the report from Dr. Rose and recommends this case must be remanded for further consideration of the medical evidence. *See* Section I, *supra*. The undersigned further recommends the Court direct the ALJ to allow Plaintiff an opportunity to submit Dr. Spangler's counseling notes on remand, and direct the ALJ to re-evaluate all the medical opinion evidence.

CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 18, 2018, as noted in the caption.

Dated this 4th day of December, 2018.

*[signature]*
David W. Christel
United States Magistrate Judge